IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00050-MOC-DSC

| | |
|---|---|
| **DARDRIE ROZZELLE,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **UNIVERSITY OF NORTH CAROLINA** ) <br> **AT CHARLOTTE, MARIA** ) <br> **DELGADILLO, BANITA BROWN,** ) <br> **ALLISON STEDMAN, AND ALISON** ) <br> **WALSH,** ) <br> ) <br> **Defendants.** ) | **MEMORANDUM AND** <br> **RECOMMENDATION** <br> **AND ORDER** |

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss," Doc. 11, and the parties' associated briefs and exhibits, Docs. 12, 14 and 15.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for determination.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, as true, Plaintiff is a student at UNC-Charlotte. In the fall of 2012, she received a failing grade in Spanish. In January 2013, she contacted Defendant Allison Stedman, Associate Chair for the Department of Languages and Culture Studies, regarding an appeal of her grade. Plaintiff states that she was given the "run around" by Stedman and Professor Maria Delgadillo, and that they failed to protect her rights to appeal her grade. Plaintiff was placed on academic probation. On January 30, 2013, Plaintiff

emailed Stedman and Delgadillo that she would be coming by their office to follow up on filing an appeal of her grade.

When Plaintiff arrived, she was "apprehended" by campus police for "communicating threats." Id. at ¶¶ 10-11. Plaintiff contends that the Defendants gave a fraudulent email to the campus police, resulting in her detention. Plaintiff suffered a panic attack on her way to the officers' car where she claims she was unlawfully searched. She was subsequently released. Plaintiff further claims that she was "stalked and harassed" by campus police who would "make up a reason to attack her." [1] Id. at ¶¶ 14, 18 and 23.

Plaintiff's Complaint also alleges that Defendants "falsified a defamatory statement (via email) to several people (including university deans) that Plaintiff was a 'dangerous student' without a reasonable assumption or articulable fact(s)." Id. at ¶¶ 12-13; Ex 1. Plaintiff asserts that they did this with the expectation that she would be arrested, expelled from school and deprived of her federal student aid. Plaintiff's appeal of her grade was never heard and she had to repeat the class.

Plaintiff asserts that Defendants' false statements caused her to be accused of mental illness by faculty and staff. She contends that she has been unable to focus on her school work, communicate comfortably with others, or feel safe on campus. She claims that she has suffered severe mental anguish, emotional distress and has been "injured in the mind" as a result of Defendants' actions. Id. at ¶ 26.

Plaintiff filed her Complaint on January 29, 2015. She alleges twenty causes of action. Every claim asserted is either a tort, an element of a tort or a "tort" asserted by Plaintiff but not cognizable in law: Defamation and libel (First Cause of Action); Intentional Infliction of Mental

---

[1] The UNC-Charlotte campus police are not a party to Plaintiff's Complaint.

Distress (Second Cause of Action); Negligent Infliction of Emotional Distress (Third Cause of Action); Assault (Fourth Cause of Action); Negligence (Fifth Cause of Action); Proximate Cause; Legal Cause (Sixth Cause of Action); Concurrent Cause (Seventh Cause of Action); Actionable Fraud (Eighth Cause of Action); Intention Infliction of Mental Distress (Ninth Cause of Action); Fraudulent Misrepresentation (Tenth Cause of Action); Outrageous, Extreme, and Intolerable Conduct (Eleventh Cause of Action); Gross Negligence (Twelfth Cause of Action); Ordinary Negligence (Thirteenth Cause of Action); Negligence per se (Fourteenth Cause of Action); Negligence as a matter of Law (Fifteenth Cause of Action); Actionable Negligence (Sixteenth Cause of Action); Actual Malice (Seventeenth Cause of Action); Proximate Cause (Eighteenth Cause of Action); Joint Tortfeasors (Nineteenth Cause of Action); and Punitive Damages (Twentieth Cause of Action). Plaintiff is seeking, among other things, damages in the amount of $18,200,000.00.

On February 23, 2015, Defendants filed their Motion to Dismiss. Doc. 11. Defendants argue that the Court lacks jurisdiction because they are protected by Eleventh Amendment immunity. Defendants also argue that there is neither federal question nor diversity jurisdiction present. The Motion to Dismiss has been briefed and is now ripe for review.

## II.     STANDARD OF REVIEW

The existence of federal subject matter jurisdiction is a threshold issue. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists,

even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction may be raised at any time and is properly considered on a motion under Federal Rule of Civil Procedure 12(b)(1). See Fed.R.Civ.P. 12(b)(1) and 12(h). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion rests with the plaintiff, the party asserting jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION OF CLAIMS

Federal jurisdiction generally stems from either (1) a federal question or (2) diversity of the parties. "Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986). "The general-diversity statute, § 1332(a), authorizes federal court jurisdiction over cases in which the

citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 62 (1996). In addition, the amount in controversy must exceed $75,000 for federal diversity jurisdiction. 28 U.S.C. § 1332(a).

Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337 (1895)). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." In re Bulldog Trucking, 147 F.3d 347, 352 (4th Cir. 1998); see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the present action, Plaintiff's pleadings fail to establish this Court's jurisdiction on either federal question or diversity grounds. Plaintiff does not assert a cause of action arising under any federal question or law. Plaintiff specifically states that the Court "has original jurisdiction of this action pursuant to North Carolina Tort Law." Plaintiff's causes of action are not sufficient to establish that this case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction is also lacking. There is no evidence nor any allegations that the parties are residents of different states. In fact, Plaintiff alleges in her Complaint that "all defendants reside or conduct business in this district." Doc. 1 at ¶ 2.

Since there is no federal question or diversity of citizenship present here, the Court lacks subject matter jurisdiction and the undersigned respectfully recommends that Defendants' Motion to Dismiss be GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1). In the absence of federal jurisdiction, Defendants' other Rule 12 motions regarding Eleventh Amendment immunity as well as Plaintiff's request to amend her Complaint contained in her Response, Doc. 14, are not

properly before this Court, and the undersigned respectfully recommends that they be **DENIED AS MOOT**.

## VI. <u>ORDER</u>

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## V. <u>RECOMMENDATION</u>

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendants "Motion to Dismiss," Doc. 11, be **GRANTED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendants, <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED AND RECOMMENDED**.

Signed: April 21, 2015

David S. Cayer
United States Magistrate Judge