UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00050-MOC-DSC

| | |
|---|---|
| **DARDRIE ROZZELLE,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE, MARIA DELGADILLO, BANITA BROWN, ALLISON STEDMAN, and ALISON WALSH,** | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter (#16). In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge

1

is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

The court determines that the recommendation of the magistrate judge is largely consistent with and supported by current law. Specifically, the court agrees that Plaintiff has failed to establish that this court has subject matter jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C § 1332. Here, even though the amount in controversy requirement of §1332 is satisfied, it appears that all Defendants are North Carolina citizens and Plaintiff has not put forward any evidence to the contrary. See 28 U.S.C.A. § 1332 (providing that district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and the parties are of diverse citizenship).The court also agrees that as to the stated causes of action in the complaint, see (#1, pp. 8-20), Plaintiff has failed to show that this court has jurisdiction to hear the case pursuant 28 U.S.C. § 1331, as all of Plaintiff's causes of action (at least those cognizable in law) are made pursuant to North Carolina tort law and do not raise any federal questions. See 28 U.S.C.A. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). However, in the complaint, Plaintiff twice references an allegedly unlawful search by the campus police relevant to her Fourth Amendment rights and 42 U.S.C. § 1983. (#1, pp. 5; 21-22). Plaintiff did not name the university campus police or any individual officer as a party to this action, but did name the University of North Carolina at Charlotte as a Defendant and claimed that the campus police, acting under the color of law, conducted an unlawful search.

In responding to Defendants' Motion to Dismiss (#14), Plaintiff requested to amend the complaint, reiterating, among other arguments, that the complaint asserts a §1983 claim in connection with an allegation of a warrantless search. See (#14 at pp. 5-6). While Magistrate Judge

2

Cayer recommended denying such motion as moot in light of his finding that this court lacked subject matter jurisdiction, the court finds that in light of the latitude to be extended to *pro se* pleadings, Plaintiff shall be allowed to amend the complaint. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). Despite the fact that courts cannot act as the *pro se* plaintiff's advocate, the court here finds that Plaintiff has at least raised a cause of action on the face of the complaint (albeit without titling it as a cause of action) that could, if properly pleaded, bring this case within the scope of this court's subject matter jurisdiction. See Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff, but that a potentially meritorious *pro se* claim should not be defeated without affording him a reasonable opportunity to articulate his cause of action.). Despite the fact that the motion was improperly made, see LCvR 7.1(C)(2) (stating that motions may not be made in a response brief), the court will grant Plaintiff's motion to amend the complaint.

Plaintiff is advised that the only potentially viable claim that appears to confer jurisdiction on this court is for the alleged Fourth Amendment violation made pursuant to 42 U.S.C. § 1983. See 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343(3). Though 42 U.S.C. § 1983 does not create substantive rights, it provides a remedy for a violation of rights created by federal law or the Constitution of the United States. City of Okl. City v. Tuttle, 471 U.S. 808, 816 (1985). Plaintiff is further advised that in order to maintain this action in this court, Plaintiff's amended complaint must be properly pleaded in conformance with the Federal Rules of Civil Procedure and the Local Rules, and must clearly and concisely state a legally cognizable claim against a proper defendant, with sufficient facts to support the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, n. 3 (2007) ("Rule 8(a)(2)…requires a 'showing,' rather than a blanket assertion, of entitlement to

relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Additionally, while the court has not yet addressed the merits of Defendants' Eleventh Amendment Immunity contentions, Plaintiff is advised that they raise valid arguments as to the monetary relief sought from the state university and its employees in the original complaint. See Amaram v. Virginia State Univ., 476 F. Supp. 2d 535, 540 (E.D. Va. 2007) aff'd, 261 F. App'x 552 (4th Cir. 2008) (noting that pursuant to the Eleventh Amendment, "federal courts must refrain from exercising jurisdiction over suits commenced by the citizen of a state brought against the state of the citizen's domicile.") (citing Hans v. Louisiana, 134 U.S. 1, 10 (1890)). The Eleventh Amendment sovereign immunity protection "extends also to state agents and state instrumentalities, or stated otherwise, to arms of the State and State officials." Cash v. Granville County Bd. of Educ., 242 F.3d 219, 222 (4th Cir. 2001) (citations and quotations omitted). As applicable to Plaintiff's claims of constitutional violations made by state officials acting under the color of state law, Eleventh Amendment immunity does not preclude Plaintiff from bringing a § 1983 action against a state officer so long as the claim alleged is made against the state official acting in his or her individual, as opposed to official, capacity. See Hafer v. Melo, 502 U.S. 21, 30–31 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983."); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office….As such, it is no different from a suit against the State itself."); Beardsley v. Webb, 30 F.3d 524, 531–32 (4th Cir. 1994) (holding that the Eleventh Amendment does not apply to an individual capacity suit against

a Virginia deputy sheriff). Thus, to properly plead a cause of action for a § 1983 violation, Plaintiff must name as defendants, in their individual capacities, the officers accused of violating her constitutional rights. See Hafer, 502 U.S. at 25 ("Personal-capacity suits…seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, on the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." (internal quotation and citation omitted).

**ORDER**

**IT IS, THEREFORE, ORDERED** that for the reasons explained herein, the Memorandum and Recommendation (#16) is **OVERRULED WITHOUT PREJUDICE,** Defendants' Motion to Dismiss (#16) is **DENIED WITHOUT PREJUDICE,** and Plaintiff's Motion to Amend the Complaint (#14), though improperly pleaded, is **GRANTED**. Plaintiff shall file an Amended Complaint within thirty days of this Order.

Signed: May 21, 2015

Max O. Cogburn Jr.
United States District Judge