UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00050-MOC-DSC

| | | |
|---|---|---|
| **DARDRIE ROZZELLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE, MARIA DELGADILLO, ANITA BROWN, ALLISON STEDMAN, AND ALISON WALSH,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter (#30). In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge

is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Specifically, the court has reviewed the Magistrate Judge's determination that Defendants met their burden of demonstrating that Plaintiff's claims are barred by the Eleventh Amendment, and that the court lacks subject matter jurisdiction to consider Plaintiff's claims. See Hutto v. S. Carolina Ret. Sys., 773 F.3d 536, 543 (4th Cir. 2014) ("sovereign immunity is akin to an affirmative defense, which the defendant bears the burden of demonstrating."); Adkins v. Rectors & Visitors of George Mason Univ., No. 1:15CV879 JCC/MSN, 2015 WL 5638102, at *1 (E.D. Va. Sept. 23, 2015) ("The assertion of immunity is properly addressed by the Court on a motion filed pursuant to Rule 12(b)(1).") (citing Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2001)). The court finds such determinations consistent with governing legal standards. Despite being allowed to amend her complaint and being previously advised by the court that to state a valid claim pursuant to 42 U.S.C. § 1983, she must name any state officer alleged to have violated her constitutional rights in their individual capacity, see (#20), Plaintiff failed to do so.[1] See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 609, 121 S. Ct. 1835, 1843, 149 L. Ed. 2d 855 (2001) ("States and state officers acting in their official capacity are immune from suits for damages in federal court."); Amaram v. Virginia State Univ., 476 F. Supp.

---

[1] As noted by Defendants, under North Carolina law, when a pleading fails to specify the capacity in which a defendant is being sued, "it will be presumed that the defendant is being sued in her official capacity." Warren v. Guilford County, 500 S.E.2d 470, 472 (N.C. Ct. App. 1998). In her amended complaint, Plaintiff fails to specify whether she is naming Defendants Stedman Delgadillo, Walsh, and Brown in their official or personal capacities. Additionally, she does not mention any member of the UNC-Charlotte Police Department by name.

2d 535, 541 (E.D. Va. 2007) aff'd, 261 F. App'x 552 (4th Cir. 2008) ("It is a matter of black letter law that a private individual cannot maintain a § 1983 suit against a state or a state agency in federal court on the basis of Eleventh Amendment immunity. It is similarly well-established that the Eleventh Amendment prohibits a federal court from entertaining a § 1983 suit brought against a state officer in his official capacity, except to the extent that the plaintiff is seeking prospective injunctive relief.") (internal citations omitted); Adkins v. Rectors & Visitors of George Mason Univ., No. 1:15CV879 JCC/MSN, 2015 WL 5638102, at *2 (E.D. Va. Sept. 23, 2015) ("A state supported university enjoys the same sovereign immunity as States.") (citation omitted); N.C. Gen. Stat. § 116-4 ("The University of North Carolina shall be composed of the following institutions of higher education:…the University of North Carolina at Charlotte"); Martin v. Wood, 772 F.3d 192, 195 (4th Cir. 2014). Based on the determination that Plaintiff's constitutional claims are barred by the Eleventh Amendment, and that the court lacks subject matter jurisdiction to consider this matter under 28 U.S.C. § 1331 or 1332, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#30) is **AFFIRMED,** Defendant's Motion to Dismiss Plaintiff's Amended Complaint (#23) is **GRANTED,** and this action is **DISMISSED**.

Signed: October 21, 2015

Max O. Cogburn Jr.
United States District Judge