UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00050-MOC-DSC

| | | |
|---|---|---|
| **DARDRIE ROZZELLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE**  **MARIA DELGADILLO**  **BANITA BROWN**  **ALLISON STEDMAN**  **ALISON WALSH,** | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiff's pro se Motion for New Trial or Alternatively for Amendment of the Judgment. While plaintiff cites to Rule 59(e), Federal Rules of Civil Procedure, the court notes that the deadline for filing a Rule 59(e) motion was November 18, 2015, making plaintiff's November 24, 2015, untimely. In accordance with Rule 6(b), the 28-day deadline under Rule 59(e) cannot be extended. Further, the three day period allowed in Rule 6(d) has no application to Rule 59(e). See 1 James Wm. Moore *et al.,* Moore's Federal Practice ¶ 6.05 (3d ed. Lexis 2009) ("The automatic three-day extension of Rule 6(d) applies only when a party's time to act is measured from the date of service of a motion, notice, or other paper. There is no extension in connection with time periods that are keyed to some event other than service. Most notably, Rule 6(d) does not apply to time periods that run from the entry of judgment, such as the 10–day time period for a motion to alter or amend a judgment under Rule 59(e).").

Where a Rule 59(e) motion is untimely, courts routinely interpret the untimely Rule 59(e) motion to be a timely Rule 60(b) motion for relief from a final judgment. See, *e.g.*, Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1463 n. 35 (9th Cir.1992) (interpreting an untimely Rule 59(e) motion for reconsideration as a Rule 60(b) motion). In this case, plaintiff specifically argues that she is entitled to an amended judgment based on the discovery of "new evidence," which would be actionable as a Rule 60(b)(2) motion. Motion (#33) at 16.

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or misconduct by an opposing party; ... or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). The Court of Appeals for the Fourth Circuit has recognized that the remedy provided by Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). In summarizing her argument, plaintiff states in her Conclusion that she

> is entitled to a new trial as a matter of Court error to the Eleven[th] Amendment. Plaintiff meets her burden in the case by presenting newly discovered evidence that the named Defendants (including Officer Amanda Copley and unknown name officer) are not entitled to qualified immunity due to their violations of the federal laws ….

Motion (#33) at 12. While plaintiff states that she has "new evidence," she has only presented the court with legal conclusions, such as her statement earlier in her brief that "the trial Court failed to correctly interpret qualified immunity and plaintiff's amended complaint." Motion (#33) at 8. Rule 60(b) does not, however, permit reconsideration of legal issues already addressed in an earlier ruling. See CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir.1995)

(recognizing that "where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion 'is not authorized by Rule 60(b)' ") (citing United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)).

Finding no reason to grant relief under Rule 60(b), the court will deny plaintiff's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's pro se Motion for New Trial or Alternatively for Amendment of the Judgment (#33) is **DENIED**.

Signed: December 7, 2015

Max O. Cogburn Jr.
United States District Judge